UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC D. FULLER,<br><br>             Petitioner,<br><br>     v.<br><br>A.M. GONZALEZ,<br><br>             Respondent. | CASE NO. CV 13-3610-JVS (PJW)<br><br>ORDER TO SHOW CAUSE WHY PETITION<br>SHOULD NOT BE DISMISSED |

On May 15, 2013, Petitioner constructively filed a Petition for Writ of Habeas Corpus, seeking to challenge his March 2002 convictions for carjacking, evading arrest, and attempted assault, and resulting prison sentence of 24 years and four months. (Petition at 2.)  In the Petition, he claims that the trial court unconstitutionally made findings of fact to impose the upper-term sentence. (Petition at 5; attached memorandum at 3-8.)  For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred.

State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d).  Here, it appears that Petitioner's conviction became final on November 17, 2003, 40 days after the

California Court of Appeal affirmed his conviction on October 8, 2003.[1]  *See Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002). Therefore, the statute of limitations expired one year later, on November 17, 2004.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner, however, did not file this Petition until May 2013, more than eight years after the deadline.

IT IS THEREFORE ORDERED that, no later than **June 21, 2013**, Petitioner shall inform the Court in writing why this case should not be dismissed with prejudice because it is barred by the statute of limitations.  Failure to timely file a response will result in a recommendation that this case be dismissed.

DATED:   May 21, 2021

/s/ Patrick J. Walsh
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\FULLER, E 3610\OSC dismiss pet.wpd

---

[1] Petitioner alleges that he then filed a petition for review in the California Supreme Court.  (Petition at 3.)  A check of the state appellate court website, http://appellatecases.courtinfo.ca.gov, however, fails to show that Petitioner filed a petition for review.

2